DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donald Butler, appeals from his conviction in the Akron Municipal Court, wherein a jury found him guilty of willful fleeing or eluding the police, a first degree misdemeanor. We affirm.
 I. {¶ 2} On the night of August 1, 2003, Appellant was driving a car owned by an acquaintance, Herman Drake, with Mr. Drake riding in the passenger seat. Police Officers Kevin Cooper and Patrick Didyk had become suspicious and were following behind in their police cruiser. As Appellant drove up a narrow road, lined with parked cars, the police activated their overhead lights and siren, signaling for Appellant to pull over. Rather than pull over immediately, Appellant continued down the street for another 45 seconds, a distance of approximately 200 to 300 yards, before finally pulling over.
 {¶ 3} Appellant explained that, upon seeing the flashing lights, he continued down the street in search of a location where the street was wider or free of parked cars. The prosecution agrees that Appellant traveled at approximately 25 m.p.h. and used appropriate signals. Appellant characterizes this as prudent behavior typical of a reasonable person, while the officers characterize it as a lowspeed chase. By the time Appellant stopped the car, the officers were sufficiently alarmed that they had called for back up, exited their own car, and drawn their weapons. Then, from the suspect car came two unexpected but interrelated actions, occurring almost simultaneously.
 {¶ 4} First, Officer Didyk heard an object hit the ground. After detaining the two suspects, he quickly located the object, a small pipe of the kind used to smoke drugs, and discovered that it was still warm to the touch. As there was no one else around and no other objects were located, the officers concluded that upon stopping the car at the curb, one of the occupants had thrown the recentlyused pipe from the car. Second, upon stopping at the curb, Mr. Drake exited the passenger seat and exclaimed: "I told that fool to pull over, I told that fool to pull over." Later, Mr. Drake elaborated: "I told that fool to stop, then he tried to throw something out of the window, and he hit me with it." The police questioned both occupants, and eventually arrested Appellant.
 {¶ 5} Appellant was indicted on two charges: Willful Fleeing, per Akron City Code Section 136.14, a first degree misdemeanor; and Possession of Drug Paraphernalia, per Akron City Code Section 138.28, a fourth degree misdemeanor. Appellant pled not guilty and proceeded to trial. The passenger, Mr. Drake, had suffered a stroke during the intervening time period, and did not testify at trial. However, Officer Didyk testified for the prosecution and relayed the statement and surrounding events to the jury. Appellant objected on the basis of hearsay, but the trial court overruled the objection and admitted the statement, without explanation. The trial court also admitted, over Appellant's objection, testimony that Appellant had twice before been accused of fleeing the police, although those charges had been dismissed. As a final note pertinent to this appeal, the trial court denied Appellant's motion that the jury be instructed on the reasonable person standard, regarding his delayed response to the police lights and siren.
 {¶ 6} The jury acquitted Appellant of the Possession of Drug Paraphernalia charge, but convicted him of Willful Fleeing. It is from this decision that Appellant now appeals. He asserts three assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred in admitting prejudicial and improper testimony regarding prior acts of Mr. Butler in violation of Evid. R. 404(B) thereby denying him a fair and impartial trial under the Fourteenth Amendment of the United States Constitution and under Art. 1, § 10 of the Constitution of the State of Ohio."
 {¶ 7} Appellant alleges that the trial court erred by admitting evidence of prior, unsubstantiated bad acts. Specifically, Appellant contends that the discussion of two prior instances, in which Appellant was accused but not prosecuted of fleeing the police, was improper and warrants reversal. We disagree.
 {¶ 8} We review a trial court's admission of evidence for abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Abuse of discretion is more than an error in judgment; it is an attitude by the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619,621. Therefore, an appellant must demonstrate more than mere trial court error, but also that the trial court abused its discretion in committing that error. See App.R. 16(A)(7).
 {¶ 9} Appellant argues that evidence of these prior bad acts was introduced solely to suggest his propensity to commit this particular act; that is, evidence that Appellant was twice previously accused of fleeing the police makes the jury more likely to believe that he fled the police on this occasion. On this basis, such evidence would certainly be inadmissible. SeeState v. Curry (1975), 43 Ohio St.2d 66, 68. According to the prosecution, however, this evidence was introduced in response to Appellant's defense: that he was not fleeing the police, but merely continued driving under the mistaken belief that he need not stop immediately but could continue driving until he reached an open location in the road. That is, Appellee argues that evidence of these prior police encounters was introduced to prove absence of mistake. Evid.R. 404(B). Cf. State v. Gardner
(1979), 59 Ohio St.2d 14, 20. Thus, the trial court could properly admit this evidence if it deemed it sufficiently similar to the allegation and defense at issue. State v. Burson (1974),38 Ohio St.2d 157, 159.
 {¶ 10} Simply put, Appellant mistakenly thought he could continue driving, while the City retorts that he knew better — as proven by his two prior encounters. Upon viewing the unfolding evidence and assessing the credibility, demeanor and testimony of witnesses present before it, we feel that the trial court was in a better position to decide such evidentiary issues: whether prior accusations of flight were sufficiently related to the circumstances before the jury. Therefore, the jury was left to decide the weight given to those prior accusations.
 {¶ 11} We do not find that the trial court abused its discretion. The first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in admitting hearsay evidence pursuant to Evid. R. 803(2) in violation of the Sixth andFourteenth Amendments of the United States Constitution and under Art. 1, §10 of the Constitution of the State of Ohio thereby denying Mr. Butler a fair trial."
 {¶ 12} Appellant alleges that the trial court erred by admitting hearsay evidence. We disagree. Although Mr. Drake repeated the statement multiple times, the most incriminating and representative version was: "I told that fool to stop, then he tried to throw something out of the window, and he hit me with it." We focus on this statement for the purpose of the following analysis, and find that the other statements in the record fall squarely within this analysis.
 {¶ 13} The first clause relates to the flight charge: "I told that fool to stop." The second clause relates to the possession charge: "he tried to throw something out of the window, and he hit me with it." At trial, the jury convicted Appellant of the first charge and acquitted him of the second. Therefore, Appellant's contention that a hearsay statement was improperly admitted at trial implicates only the first clause: "I told that fool to stop." Based on his acquittal on the possession charge, any challenge to the admission of the second clause is excused as harmless error. See State v. Madrigal (2000),87 Ohio St.3d 378, 388.
 {¶ 14} Under the Ohio Rules of Evidence: "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C); State v. Maurer
(1984), 15 Ohio St.3d 239, 262 (expressing this as a two-part test: out of court statement, plus offered for its truth). Looking to the truth asserted in Mr. Drake's statement, "I told that fool to stop," we find that it adds nothing to our analysis. Whether Mr. Drake told Appellant to stop (or to keep driving, or told him nothing at all) is entirely irrelevant. What is relevant is that by turning on their lights and siren, the police officers told Appellant to stop, which he failed to do. Appellant does not contend that he was unaware of the officers or their instruction to stop. Rather, he explains that the road was narrow and constricted by parked cars, so he continued until he came to a suitably accessible location, despite his awareness that the officers had signaled him to stop.
 {¶ 15} Under this scenario, the truth of Mr. Drake's statement, "I told that fool to stop," has no effect on the criminal charge or conviction because the substance of the assertion is irrelevant to the outcome. At most, this statement may be relevant for its effect on the listeners, Officers Cooper and Didyk, who thereafter turned their attention towards investigating the driver, Appellant, rather than the passenger, Mr. Drake. See State v. Davis (1991), 62 Ohio St.3d 326, 343. Therefore, this statement is not hearsay in its legal sense. See Evid.R. 801(C); Maurer, 15 Ohio St.3d at 262.
 {¶ 16} As stated above, we review a trial court's admission of evidence for abuse of discretion. Sage, 31 Ohio St.3d at paragraph two of the syllabus. In the present case, we cannot conclude that the trial court erred or abused its discretion in admitting this evidence. The second assignment of error is overruled.
 C. Third Assignment of Error
"The trial court erred when it failed to give proffered jury instructions regarding a reasonable person standard and thereby denied Mr. Butler his right to a fundamentally fair trial under the Fourteenth Amendment of the United States Constitution and under Art. 1, § 10 of the Constitution of the State of Ohio."
 {¶ 17} Appellant alleges that the trial court erred by refusing to instruct the jury on the reasonably prudent person standard, despite the explicit language of the statute that the act must be done willfully. We disagree.
 {¶ 18} We review a trial court's decision on a proffered jury instruction for abuse of discretion. See State v. Wolons
(1989), 44 Ohio St.3d 64, 68. As discussed above, abuse of discretion is a higher threshold than a mere error in judgment, and requires an appellant to demonstrate such abuse to satisfy the appellate burden. See Blakemore, 5 Ohio St.3d at 219;Pons, 66 Ohio St.3d at 621; App.R. 16(A)(7).
 {¶ 19} In the present case, Appellant urged the trial court for a jury instruction on the reasonable person standard, and contends that the trial court erred in refusing to give it. The reasonable person standard is a standard of mistake, used in attributing negligence; that is, the finder of fact must determine if a reasonable person would make such a mistake or should have taken efforts to avoid such mistake. However, the charged offense prescribes a standard of willfulness: "No person shall operate a motor vehicle so as to willfully elude or flee apolice officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." (Emphasis added.) Akron City Code 136.14(B). The associated jury instruction was: "A person acts willfully when it is his specific intention to cause a certain result."
 {¶ 20} In the present case, the standard put before the jury required a more severe showing of culpable behavior than would arise in a negligence or mistake situation. Based on the ordinance language and the instruction given, the jury was effectively instructed that a mistake was not enough, whether that mistake was reasonable or not. Rather, in order to find Appellant guilty, the jury was required to find that Appellant had the specific intent to flee or elude the police. The reasonableness or prudence of the decision to continue driving is irrelevant under such a standard — if the jury deemed Appellant's conduct reasonable or prudent, then they would necessarily conclude that he lacked the specific intent to elude or flee the police. By finding Appellant guilty of willfully fleeing the police, the jury implicitly concluded that his conduct was unreasonable.
 {¶ 21} Based on the statute as written and the jury instruction as given, we cannot conclude that the trial court abused its discretion by refusing to give the alternative instruction. The third assignment of error is overruled.
 III. {¶ 22} Appellant's three assignments of error are overruled. The order of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J., Concur.