The STATE of Ohio, Appellee,

v.

WILCOX, Appellant.

[Cite as *State v. Wilcox,* 160 Ohio App.3d 468, 2005-Ohio-1745.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84634.

Decided April 14, 2005.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellee.

Patricia J. Smith, for appellant.

MICHAEL J. CORRIGAN, Judge.

{¶ 1} The court entered a judgment of conviction against appellant, Anthony Wilcox, on one count of assault with a peace-officer specification and one count of resisting arrest. The state's evidence showed that vice officers on prostitution detail spotted Wilcox inviting a known prostitute into his van. They observed the two engaging in sexual conduct and moved in to arrest. When the officers approached the van and announced themselves as the police, Wilcox pulled up his trousers, inserted the key in the ignition, and put the van into gear. As the van started to move, one of the officers standing in front of the van had to stumble backwards before pulling his service revolver and ordering Wilcox to stop. One of the officers pulled the prostitute out of the van, while another reached inside and put the van into park and pushed Wilcox out of the vehicle. Wilcox resisted their orders, and a scuffle ensued before the officers could subdue him and place him in handcuffs. The sole assignment of error is that the judgment of conviction on the assault count was against the manifest weight of the evidence because Wilcox did not know that those persons stopping his van were police officers.

{¶ 2} R.C. 2903.13(A), which prohibits assault, states, "No person shall knowingly cause or attempt to cause physical harm to another * * *." R.C.

2903.13(C)(3) states that if the victim of that assault is a peace officer performing official duties, the assault is a fourth-degree felony.

{¶ 3} Curiously, the parties do not engage in any discussion of the mental state required to prove culpability for the peace-officer specification. We have held, "A finding by the jury that the victim was a peace officer simply enhances the degree of the offense and potential penalty." Thus, proof of knowledge of the victim's status is not required under these circumstances. *State v. Gimenez* (Sept. 4, 1997), Cuyahoga App. No. 71190, 1997 WL 547950. See, also, *State v. Koreny* (Apr. 12, 2001), Cuyahoga App. No. 78074, 2001 WL 370465; *State v. Carter*, Summit App. No. 21474, 2003-Ohio-5042, 2003 WL 22187359; *Stillwell v. Xenia* (Feb. 16, 2001), Greene App. No.2000–CA–41, 2001 WL 127880; *State v. Cantrell* (Mar. 24, 1989), Montgomery App. No. 11030, 1989 WL 27178. Based on this precedent, it is irrelevant whether Wilcox knew that those stopping his van were peace officers.

{¶ 4} We are aware that in *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, the syllabus states, "The culpable mental state of recklessness applies to the offense of trafficking in LSD 'in the vicinity of a school' under R.C. 2925.03(C)(5)(b)." Lozier had been convicted of drug-trafficking counts with specifications that he sold drugs in the vicinity of a school. Those specifications carried penalty enhancements that increased the degree of the offenses to fourth-degree felonies. Lozier complained that he did not know that he had been in the vicinity of a school (the "school" was a remedial education program located in the Holmes County Job and Family Services building), but the trial court held that the penalty enhancement imposed strict liability. The Supreme Court of Ohio, id. at ¶ 32 considered the enhancement part of the trafficking statute and found that it contained a "pair of discrete clauses separated by 'or' ":

{¶ 5} "If the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in L.S.D. is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender." R.C. 2925.03(C)(5)(b).

{¶ 6} The Supreme Court also held that in defining the relevant terms, the General Assembly clearly imposed strict liability for sales of drugs within the vicinity of a juvenile but did not do so for sales of drugs in the vicinity of a school. *Lozier* at ¶ 39.

{¶ 7} None of the concerns voiced in *Lozier* are present here. As our prior decisions bear out, there is no indication whatsoever that the General Assembly intended to impose anything other than strict liability for the peace-officer penalty enhancement contained in R.C. 2903.13(C)(3). In contrast to the language of the statute in *Lozier*, the language of R.C. 2935.01 does not suggest a

mental state other than strict liability or conflict with other statutory definitions in a way that would call the relevant mental state into question. Consequently, it does not matter whether Wilcox knew that the people stopping his van were police officers.

{¶ 8} Even had Wilcox's mental state been at issue for purposes of the police-officer specification, we would find that the judgment of conviction was not against the manifest weight of the evidence.

{¶ 9} When considering an argument raising the weight of the evidence, we determine whether there exists a greater amount of credible evidence to support one side of an issue rather than the other such that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. A reversal on a verdict as being against the manifest weight of the evidence can occur only in the exceptional case because "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. As a reviewing court, we acknowledge the following:

{¶ 10} "The jury is the sole judge of the weight of the evidence and the credibility of witnesses. It may believe or disbelieve any witness or accept part of what a witness says and reject the rest. In reaching its verdict, the jury should consider the demeanor of the witness and the manner in which he testifies, his connection or relationship with the prosecution or the defendant, and his interest, if any, in the outcome." *State v. Antill* (1964), 176 Ohio St. 61, 67, 26 O.O.2d 366, 197 N.E.2d 548.

{¶ 11} The court heard ample testimony that the arresting officers clearly identified themselves as police officers and showed their badges when making the arrest. One of the arresting officers stated that she identified herself as a police officer "about three times" when approaching Wilcox. Another officer stated that he witnessed the arrest and saw the officers approach Wilcox with their badges in plain sight. Wilcox's testimony to the contrary simply created a credibility issue that the court obviously decided in favor of the testifying police officers. We cannot say that the court lost its way.

Judgment affirmed.

DYKE, P.J., and JAMES J. SWEENEY, J., concur.