DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} James A. Middlesworth appeals from the Wayne County Court of Common Pleas, which convicted him of rape and sentenced him accordingly. We affirm.
 I. {¶ 2} Mr. Middlesworth has fathered children with three different women: June bore him a daughter, D.B., currently age eleven (dob 7/12/94); Amy bore him a daughter, N.P., age nine (dob 7/26/96); and Kim bore him a son, C.P., age four (dob 9/25/01). June also had two daughters from another relationship: B.M., age eight (dob 11/11/97); and F.M., age five (dob 3/12/00). Mr. Middlesworth was living with June and her three daughters on March 10, 2004, when the police were summoned to resolve a domestic dispute. Although the resulting charges against Mr. Middlesworth were eventually dismissed, the incident precipitated accusations by the three girls that Mr. Middlesworth had raped each of them at some point in the past. Further investigation prompted Amy's daughter, N.P., to accuse Mr. Middlesworth of having raped her at some prior, unrelated time, as well.
 {¶ 3} The State indicted Mr. Middlesworth on five counts of rape: for twice raping D.B., in violation of R.C. 2907.02, a first degree felony (Counts 1 and 2); for raping B.M., in violation of R.C. 2907.02, a first degree felony (Count 3); for raping F.M., in violation of R.C. 2907.02, a first degree felony (Count 4); and for raping N.P., in violation of R.C. 2907.02, a first degree felony (Count 5). Mr. Middlesworth pled not guilty and the case proceeded to a jury trial.
 {¶ 4} The jury convicted Mr. Middlesworth for the rapes of D.B. and N.P. (Counts 1, 2, and 5), but acquitted him of the charges by B.M. and F.M. (Counts 3 and 4). The trial court entered judgment and sentenced him accordingly. Mr. Middlesworth timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT BY FINDING THREE CHILD WITNESSES UNDER 10 TO BE COMPETENT TO TESTIFY WITHOUT ADDRESSING ALL FIVE FACTORS SET FORTH IN STATE V. FRAZIER, 61 OHIO ST. 3D 247 (1991), AND THE CHILDREN'S SUBSEQUENT TRIAL TESTIMONY FAILED TO DEMONSTRATE THE COURT WAS JUSTIFIED IN FINDING THE CHILDREN TO BE COMPETENT."
 {¶ 5} Mr. Middlesworth alleges that the trial court erred by admitting the testimony of the child victims, N.P., B.M., and F.M.; arguing that they were not competent to testify and the court failed to examine them in accordance with the prevailing law. From this, Mr. Middlesworth concludes that his trial was unfairly tainted and his conviction must be vacated. We disagree.
 {¶ 6} Regarding the testimony by B.M. and F.M., Mr. Middlesworth's claims are without merit because he was acquitted of those charges (Counts 3 and 4). Four child-victims testified: B.M., F.M., N.P., and D.B. Each child testified exclusively about her particular experience with Mr. Middlesworth; no child testified about the rape of any of the other children. Therefore, even if B.M. and F.M. were incompetent to testify, Mr. Middlesworth was acquitted of the charges upon which they testified, either because of or despite their testimony. Mr. Middlesworth claims that the testimony by B.M. and F.M. about Counts 3 and 4 necessarily contributed to his conviction on Counts 1, 2, and 5 (upon which N.P. and D.B. independently testified). We find this assertion untenable. Because the jury convicted him on some counts (Counts 1, 2, and 5), but acquitted him on these other counts (Counts 3 and 4), we reasonably conclude that the jury was able to distinguish the credible testimony from the incredible and decide accordingly. See, e.g.,Akron v. Butler, 9th Dist. No. 21870, 2004-Ohio-5164, at ¶ 13.
 {¶ 7} Mr. Middlesworth also protests that N.P., who was eight years old at the time of trial, was not competent to testify and that the court failed to examine her in accordance with the prevailing law. Decisions on witness competency are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. State v. Frazier (1991),61 Ohio St.3d 247, 251. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} "Every person is competent to be a witness except * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Evid.R. 601(A). Thus, the duty falls on the trial court to undertake an inquiry and the Ohio Supreme Court has set forth guidelines for doing so: consider the child's ability to (1) "receive accurate impressions of fact or to observe acts about which he or she will testify," (2) "recollect those impressions or observations," (3) "communicate what was observed," (4) understand truth and falsity, and (5) appreciate "his or her responsibility to be truthful." Frazier, 61 Ohio St.3d at 247, syllabus. While this inquiry is ordinarily concluded in a pretrial hearing, even if that hearing is somehow deficient, it may be cured "if the child's subsequent testimony at trial demonstrates that the trial court was justified in finding the child competent to testify." State v. Wells, 9th Dist. No. 21149, 2003-Ohio-3162, at ¶ 9, citing State v. Lewis (1982),4 Ohio App.3d 275, 277.
 {¶ 9} In the present case, the trial court conducted an inquiry of N.P.'s competency prior to trial and ultimately allowed her to testify. At trial, she testified on direct and was subject to cross-examination. Mr. Middlesworth contends that she failed to satisfy any of the five Frazier factors, and relies on her bashfulness during testimony and her sometimes ambiguous and contradictory answers to the questioning as the basis for this contention. Based on our review of the record, we find that, despite some inconsistencies or contradictions, N.P. was able to recollect and communicate the specific events of the rapes in a manner sufficient to describe them accurately. This relates to the first three Frazier factors. When she was presented with hypotheticals (twice during the pretrial hearing and once again during her trial testimony), she each time properly labeled them as lies, demonstrating an ability to differentiate truth from falsity. This is the fourth Frazier factor. Finally, N.P. acknowledged her responsibility to be truthful during her testimony and that punishment follows from lying. This relates to the fifth Frazier factor. Based on our review of the pretrial hearing and the testimony presented at trial, we cannot conclude that the trial court's attitude was unreasonable, arbitrary, or unconscionable in allowing N.P. to testify. See Blakemore,5 Ohio St.3d at 219. Therefore, we do not conclude that the trial court abused its discretion. This assignment of error is overruled.
 B. Second Assignment of Error
"THE JURY'S VERDICT[S] ON COUNTS ONE, TWO AND FIVE OF THE INDICTMENT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Mr. Middlesworth asserts that the absence of physical evidence, the inconsistencies of the children's testimony, and the alleged bias by the children's mothers renders the cumulative evidence insufficient to sustain the guilty verdicts. Thus, Mr. Middlesworth charges that the verdicts were against the manifest weight of the evidence and should be reversed. We disagree.
 {¶ 11} Reversal on manifest weight grounds is reserved for the exceptional case when the evidence demonstrates that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed."State v. Otten (1986), 33 Ohio App.3d 339, 340. Accord Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. A conviction may be upheld even when the evidence is susceptible to some possible, plausible, or even reasonable theory of innocence. See State v.Jenks (1991), 61 Ohio St.3d 259, 272. Similarly, on conflicting testimony, "a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at *2. "Ohio courts have exhibited a consistent willingness to hold that the testimony of the victim, if believed, is sufficient to support a conviction, even without further corroboration." State v. Knowles, 9th Dist. No. 04CA008476, 2004-Ohio-6080, ¶ 9. See, also, State v. Sparks,
9th Dist. No. 22111, 2005-Ohio-2154, ¶ 11; State v. Jennings,
9th Dist. No. 22016, 2004-Ohio-5447, at ¶ 15.
 {¶ 12} Mr. Middlesworth was charged with five counts of rape, which is codified as: "No person shall engage in sexual conduct with another who is not the spouse of the offender * * *, when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.02(A)(1)(b). The jury heard testimony from 13 witnesses. The State produced 10 witnesses, including each of the four victims, their parents, an investigating officer, and various social workers and/or experts. The defense produced three witnesses: Mr. Middlesworth, his mother, and his sister. Upon acknowledging that such testimony will inevitably produce some inconsistent or conflicting assertions, we recognize the sound principal that the trier of fact is best positioned to weigh the credibility of the individual witness and reach a conclusion based on the totality of the evidence. See State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 13} The child-victims testified to the specifics of the individual rapes. The victims' mothers testified to their relationships with Mr. Middlesworth and the children's behavior surrounding the times of the incidents. The social workers and investigating officers testified about the investigation of the allegations, the children's accusations and Mr. Middlesworth's response, all of which implicated Mr. Middlesworth in the alleged crimes. Mr. Middlesworth testified in his own defense; he denied the accusations and asserted that the children's mothers had coaxed the children in these accusations, due to their bitterness towards him. Mr. Middlesworth's mother and sister testified that they had observed him with the children on numerous occasions and had never witnessed anything suspicious.
 {¶ 14} Based on our review, we conclude that Mr. Middlesworth's criticisms of the State's evidence in this case are insufficient to find that the jury lost its way and created a manifest miscarriage of justice. See Otten,33 Ohio App.3d at 340; Thompkins, 78 Ohio St.3d at 387. Rather, we find it reasonable that the jury believed the State's version of the events, disbelieved Mr. Middlesworth, and convicted Mr. Middlesworth accordingly. We conclude that the conviction is not against the manifest weight of the evidence. This assignment of error is overruled.
 III. {¶ 15} Mr. Middlesworth's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Moore, J., concur
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)