DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas where, in a jury trial, appellant, Jeffrey Jackson, was found guilty of assault, a violation of R.C. 2903.13(A) and (C)(3). Appellant was sentenced to four years of community control to be monitored by the Lucas County Probation Department, subject to the following specifications: Appellant is to serve six months in the Corrections Center of Northwest Ohio, to submit to random urinalysis at the discretion of a probation officer, to seek and maintain full-time, verifiable employment, and to pay court costs. Upon consideration of the record, we affirm the decision of the trial court. We review the following assignments of error:
 {¶ 2} "[Appellant's] conviction for [assault] was against the manifest weight of the evidence.
 {¶ 3} "Prosecutor's closing comment prejudiced [appellant] and denied him a fair trial."
 {¶ 4} On the evening of May 15, 2004, two undercover Toledo police officers including the victim, Detective Scoble, were conducting surveillance of an area that the state contends is known for illegal drug activity. The officers observed Ronnie Scurles loitering near an intersection. Appellant, who claims to be Scurles' friend, pulled over to the curb to speak with him, and Scurles subsequently entered the front passenger seat of appellant's car. Appellant, who asserts that he was giving Scurles a ride home, pulled around the corner and again pulled over to the curb and parked. The officers pulled up in an unmarked vehicle behind the two men and approached appellant's car from the rear.
 {¶ 5} Detective Scoble and the other undercover police officer reportedly observed the suspects making what appeared to be a "hand-to-hand transaction." There is a discrepancy as to whether the officers identified themselves as law enforcement officials as they approached appellant's car. Detective Scoble contends that Scurles noticed the officers and placed something in his mouth, which Scoble believed to be illegal drugs. At this time, Scoble opened the passenger side door and a struggle ensued with Scurles. There is a discrepancy as to how the struggle began. Appellant placed the car in drive and proceeded to drive off with Detective Scoble partially inside the vehicle. He was dragged for a short distance, but managed to push away and fall from the car. Scoble testified that he sustained "minor scrapes" on his arm and "some minor bruising the next day and soreness" on his leg.
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred in upholding the jury's guilty verdict, because the conviction is against the manifest weight of the evidence. Specifically, appellant asserts that the record does not support a finding of the requisite intent necessary to find appellant guilty of assault under R.C. 2903.13(A). For example, appellant claims that Detective Scoble came up to the car and almost immediately started punching Scurles without either of the two officers identifying themselves as law enforcement, and that appellant fled out of fear and wanting to protect his friend. Appellant claims that this is sufficient evidence to show that a trier of fact could not have found him guilty beyond a reasonable doubt on every element of the claim.
 {¶ 7} Appellant was convicted of assault of a peace officer pursuant to R.C. 2903.13(A) and (C)(3), which, when read in conjunction, provide that no person shall knowingly cause or attempt to cause physical harm to a peace officer. When an appellant asserts a claim that his conviction is against the manifest weight of the evidence, an appellate court essentially sits as a "`thirteenth juror'" and may disagree with the fact finder's resolution of the conflict. State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting Tibbs v. Florida (1982),547 U.S. 31, 42. We can reverse a judgment of conviction only if it appears that the jury, in resolving conflicts in the evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered,'" Thompkins, 78 Ohio St.3d at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Appellant argues that based on the record, the jury lost its way, resulting in such a miscarriage of justice that reversal and a new trial is in order. We disagree.
 {¶ 8} Appellant takes issue with the statutory requirement of "knowingly" causing or attempting to cause harm pursuant to R.C.2903.13(A). A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). However, appellant argues, citing State v. Johnston (Dec. 6, 1970), 7th Dist. No. 89 CA 175, that this court should reverse his conviction of assault because he did not attempt to inflict the injuries that resulted. He contends that as the two undercover police officers approached his car, they did not identify themselves as law enforcement, and he did not see their badges hanging from their necks. Appellant further asserts that when Detective Scoble approached the passenger side of his car, he almost immediately started punching Scurles, and that out of fear and wanting to protect his friend, he drove off with no intention of injuring Scoble.
 {¶ 9} Previous case law from the Second District with nearly identical facts to this case held that a conviction for assault on a police officer was not against the manifest weight of the evidence, despite the defendant's testimony that he had not intended to injure anyone. See State v. Fritz,163 Ohio App.3d 276, 2005-Ohio-4736, at ¶ 12. Furthermore, "`a finding by the jury that the victim was a peace officer simply enhances the degree of the offense and potential penalty.' Thus, proof of knowledge of the victim's status is not required * * *" State v.Wilcox, 160 Ohio App.3d 468, 2005-Ohio-1745, at ¶ 3, quotingState v. Gimenez (Sept. 4, 1997), Cuyahoga App. No. 71190.
 {¶ 10} Appellant also refers to the record, mentioning that Detective Scoble was not seriously hurt when he fell from the moving vehicle. He only sustained minor scrapes and bruises. While it is not entirely clear whether this is a point of contention for appellant's assignment of error, the severity of the victim's injuries has no bearing on this case. "Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration. R.C.2901.01(A)(3) (Emphasis added.).
 {¶ 11} The record contains conflicting testimony between the undercover police officers and the two suspects in the car regarding whether the officers identified themselves, displayed a police badge around their necks, and the string of events that led to the scuffle within the car, such as who was the first aggressor. We cannot find that a conviction is against the manifest weight of the evidence simply because the trier of fact believed the prosecution's witnesses. State v. Middleworth, 9th Dist. No. 05CA0016, 2006-Ohio-12, at ¶ 11. We cannot say that the jury "clearly lost its way" or created a "miscarriage of justice" in finding each element of the offense to have been proven beyond a reasonable doubt. Accordingly, we find the appellant's first assignment of error not well-taken.
 {¶ 12} In his second assignment of error, appellant claims that the prosecutor's closing comment prejudiced appellant and denied him a fair trial. Specifically, appellant contends that when the prosecutor told the jury that if convicted, appellant was going to sue the city of Toledo, this exceeded the state's latitude in presenting its case. "Improper remarks of counsel during argument, unless so flagrantly improper as to prevent a fair trial, should at once be objected to and exception taken; otherwise error cannot be predicated upon the remarks alleged to have been improper." State v. DeNicola (1955),163 Ohio St. 140, 140-141. Because the prosecutor's comment is merely a recitation of appellant's previous testimony and is on the record, his statement cannot be seen as "flagrantly improper." Therefore, as the state correctly points out, because appellant failed to timely object to the prosecutor's alleged improper remarks, appellant's only recourse is if this court finds plain error in the record under Crim.R. 52(B).
 {¶ 13} Pursuant to Crim.R. 52(B), this court has previously found the standard of plain error to be whether substantial rights of the defendant are so adversely affected as to undermine the fairness of the guilt determining process. State v. Masing
(Apr. 19, 2002), 6th Dist. No. OT-01-022. Considering appellant had previously introduced the statement made by the prosecutor in his own testimony, we do not find that the prosecutor's comment in his closing argument undermined the fairness of the guilt determining process. Therefore, we find that appellant received no prejudice that precluded him from receiving a fair trial. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 14} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J., concur.