OPINION
{¶ 1} Defendant-appellant, Larry Watson, Jr., appeals his conviction in the Madison County Court of Common Pleas for assault.
 {¶ 2} In July 2005, appellant was indicted on one count of assault of a peace officer while in the performance of his official duties, in violation of R.C. 2903.13(A). The matter proceeded to a jury trial. Appellant asked that the jury be given the following mistake-of-fact instruction: "Unless the defendant had the required knowledge[,] he is not guilty of the crime of assault on a police officer. In determining whether the defendant had the required knowledge[,] you will consider whether he acted under a mistake of fact regarding the victim being a peace officer."
 {¶ 3} The trial court denied appellant's request and instead instructed the jury as follows: "To find the defendant guilty of assault on a peace officer you must find beyond a reasonable doubt that on or about July 3, 2005, * * * Larry Watson, Jr. did knowingly cause or attempt to cause physical harm to another person and that person was a peace officer in the performance of his official duties. * * * A police officer is a peace officer as a matter of law."
 {¶ 4} On November 1, 2005, the jury found appellant guilty as charged. Appellant was sentenced to one year in prison. This appeal follows in which appellant raises two assignments of error.
 {¶ 5} In his first assignment of error, appellant correctly states that under R.C. 2901.21, when a statutory provision defining an offense neither specifies culpability nor plainly indicates a purpose to impose strict liability, the culpable mental state of recklessness applies to the offense. Appellant argues that because the assault statute neither specifies culpability nor plainly indicate an intent to impose strict liability with regard to the identity of the victim as a police officer, "recklessness must be the requisite mental state for [appellant's] knowledge of the identity of the victim of the assault." Appellant argues that as a result, the trial court erred by rejecting his mistake-of-fact jury instruction, and by failing to instruct the jury that appellant was reckless with regard to his perception of the identity of his victim as a police officer. We disagree.
 {¶ 6} Appellant was charged with assault of a peace officer under R.C.2903.13(A) which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" Generally, assault is a misdemeanor of the first degree. R.C. 2903.13(C). However, R.C.2903.13(C)(3) provides that where the victim of the offense is a peace officer engaged in the performance of his official duties, the crime is elevated to a felony of the fourth degree.
 {¶ 7} It is well-established that "'[a] finding by the jury that the victim was a peace officer simply enhances the degree of the offense and potential penalty.' Thus, proof of knowledge of the victim's status is not required under these circumstances. "State v. Wilcox,160 Ohio App.3d 468, 2005-Ohio-1745, ¶ 3. As the Ninth Appellate District held inState v. Carter, Summit App. No. 21474, 2003-Ohio-5042:
 {¶ 8} "[T]he State is not required to demonstrate that the accused kn[ew] or [was] aware of the fact that the victim was a peace officer, in order to elevate the offense of assault [from a misdemeanor to a fourth-degree felony under] R.C. 2903.13(C). * * * `The General Assembly has articulated the elements of R.C. 2903.13 with sufficient clarity to indicate that the victim's status as a police officer shall elevate the criminal offense of assault from a misdemeanor of the first degree to a felony of the fourth degree regardless of whether or not the accused specifically knows of the victim's status as a peace officer.'" Id. at ¶ 10. See, also, State v. Koreny (Apr. 12, 2001), Cuyahoga App. No. 78074 (holding that R.C. 2903.13[C][3] does not contain a mens rea requirement); and State v. Mundy, Medina App. No. 05CA0025-M,2005-Ohio-6608 (declining to reconsider its holding in Carter).
 {¶ 9} In support of his argument, appellant cites State v.Lozier, 101 Ohio St.3d 161, 2004-Ohio-732. In that case, Lozier was convicted of trafficking in L.S.D. in the vicinity of a school which enhanced the penalty under R.C. 2925.03(C). Under R.C. 2925.03(C)(5)(b), "if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in L.S.D. is a felony of the fourth degree[.]" Lozier argued that he did not know he was in the vicinity of a school. However, the trial court ruled that whether Lozier knew he was selling drugs in the vicinity of a school was irrelevant because the specification for trafficking within the vicinity of a school was written in terms of strict liability. The Ohio Supreme Court held that while strict liability applied to trafficking in L.S.D. in the vicinity of a juvenile, recklessness applied to L.S.D. trafficking in the vicinity of a school under R.C. 2901.21(B). Id. at ¶ 40 and 45. The supreme court reasoned that:
 {¶ 10} "Here, we are dealing with [a] pair of discrete clauses separated by `or' [in R.C. 2925.03(C)(5)(b)]. * * * Standing alone, `in the vicinity of a school or in the vicinity of a juvenile' does not indicate any required degree of mental culpability. However, each clause * * * is separately defined in the chapter's definitional section. `In the vicinity of a juvenile,' as defined in R.C. 2925.01(BB), employs strict liability terms[.] * * * By contrast, the definition of `in the vicinity of a school,'contained in R.C. 2925.01(P), lacks the express strict liability language of R.C. 2925.01(BB). * * * We find that the language employed by the General Assembly in the R.C. 2925.01(P) and 2925.01(BB) definitions establishes differing levels of culpability for offenses committed `in the vicinity of a juvenile' and `in the vicinity of a school,' plainly indicating that the General Assembly's purpose was to impose strict liability for acts committed `in the vicinity of a juvenile' but not for acts committed `in the vicinity of a school.'" Id. at ¶ 32, 34, 37, and 40.
 {¶ 11} We agree with the Eighth Appellate District that the reasoning in Lozier does not apply here: "None of the concerns voiced in Lozier are present here. * * * [T]here is no indication whatsoever that the General Assembly intended to impose anything other than strict liability for the peace-officer penalty enhancement contained in R.C.2903.13(C)(3). In contrast to the language of the statute inLozier, the language of R.C. 2935.01 [which defines a `peace officer'] does not suggest a mental state other than strict liability or conflict with other statutory definitions in a way that would call the relevant mental state in question. Consequently, it does not matter whether [appellant] knew that the people stopping his van were police officers."Wilcox, 2005-Ohio-1745 at ¶ 7. We further note that contrary to appellant's assertion, we are not dealing with a pair of discrete clauses with regard to R.C. 2903.13(A) and 2903.13(C)(3). Rather, these statutory provisions are two separate provisions and R.C. 2903.13(C)(3) cannot apply if R.C. 2903.13(A) is not first met.
 {¶ 12} Because the state is not required to prove that appellant knew or was aware that his victim was a peace officer, or that appellant was reckless as to the identity of his assault victim as a peace officer, we find that the trial court properly rejected appellant's mistake-of-fact jury instruction and properly instructed the jury regarding assault on a peace officer. That is, the trial court did not abuse its discretion when it failed to instruct the jury that, before the jury could find appellant guilty of assault on a peace officer, the jury must find that appellant knew or was aware that his victim was, in fact, a peace officer, or that appellant was reckless in that matter. The first assignment of error is overruled.
 {¶ 13} In his second assignment of error, appellant argues that he was convicted based upon legally insufficient evidence because the jury instruction on the victim's status was strict liability rather than recklessness. He argues he was unconstitutionally denied due process under the Fourteenth Amendment of the United States Constitution. This assignment of error is overruled based on our resolution of the first assignment of error.
 {¶ 14} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.