DECISION AND JUDGMENT
{¶ 1} Appellant, Marissa Smith, appeals the judgment of the Lucas County Court of Common Pleas, which convicted her of assaulting a police officer, a violation of R.C. 2903.13(A) and (C)(3), a felony of the fourth degree. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Toledo police detectives Kelli Nicely and Steven Harrison were working undercover in an unmarked police car, monitoring a gas station, when they saw and heard a crowd of 20 to 30 people yelling and screaming. When they saw pushing and shoving and the beginnings of a fight, the detectives, wearing civilian clothes, decided to intervene. They yelled that they were police, to stop fighting, and pulled out their badges. Approximately six to seven people were fighting; Detective Nicely tried to restrain a fight between two females, one of whom was Alyssa Bunde. Bunde responded by trying to strike Nicely. Detective Harrison managed to get a handcuff on Bunde. Not seeing the handcuff, Nicely attempted to take Bunde down to the ground to get a better handcuffing position. Harrison yelled to Nicely that he had the handcuff on. Nicely then started to bring Bunde's other arm back so Harrison could cuff it. Smith, admittedly intoxicated, perceived that Bundy was being attacked and struck Nicely; she testified insistently that she did not know that Nicely was a police officer. Harrison hit Smith, and Smith backed off. Nicely then apprehended Smith. Following a bench trial, Smith was convicted of assault on a police officer, in violation of R.C. 2903.13(A) and (C)(3), a felony of the fourth degree, and was sentenced to a term of community control.
 {¶ 3} Smith raises two assignments of error for review:
 {¶ 4} "The trial court committed error prejudicial to the appellant by finding the appellant guilty of disorderly conduct in violation of O.R.C. § 2903.13(A) (C)(3)."[1] *Page 3 
 {¶ 5} "Appellant's conviction was against the manifest weight of the evidence whereby the court did not properly consider the defense of others."
 {¶ 6} In her first assigned error, Smith alleges that the evidence presented at trial was insufficient to support a guilty verdict. R.C. 2903.13(A) prohibits a person from "knowingly" causing or attempting to cause physical harm to another. R.C. 2903.13(C)(3) increases the penalty for assaulting a peace officer to a fourth degree felony. Smith argues that the mens rea element of "knowingly" was not proven beyond a reasonable doubt.
 {¶ 7} When applying the "sufficiency of the evidence" standard, a reviewing court determines whether the evidence is legally adequate to support a verdict. We must determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Tenace, 109 Ohio St.3d 255,2006-Ohio-2417, ¶ 37, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Courts do not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. See Jenks, supra, at paragraph two of the syllabus. In reviewing evidentiary sufficiency, courts do not assess witness credibility. State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, ¶ 79.
 {¶ 8} Smith does not dispute that she knowingly caused physical harm to another person; rather, she argues that she lacked knowledge that Nicely was a police officer. R.C. 2903.13 does not require that the defendant knew that the victim was a police *Page 4 
officer. Knowledge that the victim was a police officer is not required to support a conviction for assaulting a police officer under this statute. State v. Jackson, 6th Dist. No. L-04-1358, 2006-Ohio-965, ¶ 9, quoting State v. Wilcox, 160 Ohio App.3d 468, 2005-Ohio-1745, ¶ 3. Nicely, the victim, was a police officer in the course of her duties. Smith does not dispute that she knowingly caused harm to Nicely, and therefore, the elements of assault are supported by sufficient evidence. Smith's first assignment of error is not well-taken.
 {¶ 9} In her second assigned error, Smith contends the court did not properly consider her "defense of others" defense, arguing that she was reasonable in using force to defend Bunde.
 {¶ 10} A conviction is against the manifest weight of the evidence when a greater amount of credible evidence supports acquittal. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Challenges to the weight of the evidence attack the credibility of the evidence presented. Id. To overturn a verdict as being against the manifest weight of the evidence, the jury must have "clearly lost its way and created such a miscarriage of justice" that the verdict must be reversed. State v. Martin (1983),20 Ohio App.3d 172, 175. Reversals occur "only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 11} A person who uses force in defense of others, "stands in the shoes" of the person he or she is defending. State v. Wegner (1979),58 Ohio St.2d 336, 340. This rule means that the intervenor "acts at his own peril if the person assisted was in the wrong." *Page 5 
Id. at 339. If the person being defended had no right to self-defense, the intervenor is not entitled to use force to defend that person, and cannot prevail on a "defense of others" defense. The intervenor asserting a "defense of others" defense has the burden of proving the affirmative defense of self-defense. R.C. 2901.05; State v.Seliskar (1973), 35 Ohio St.2d 95, 96. The intervener must prove that the person being rescued was not at fault in creating the situation. SeeState v. Robbins (1979), 58 Ohio St.2d 74, 80. Even if the intervenor stands in the shoes of a person with a right to self-defense, the intervenor must have a reasonable, good faith belief, that the person being aided was in imminent danger of death or bodily harm. State v.Williford (1990), 49 Ohio St.3d 247; State v. Harris (1998),129 Ohio App.3d 527.
 {¶ 12} In this case, Smith failed to prove that Bunde had a right to self-defense. The evidence indicates that Bunde was at fault in creating the situation. Both detectives testified that Bunde was resisting arrest. See Columbus v. Fraley (1975), 41 Ohio St.2d 173, paragraph three of syllabus (arrestee not justified in using force to resist lawful arrest, unless the officer uses unnecessary or excessive force); see, also Wegner, supra, at 340-341. Smith does not assert that the detectives used unlawful force. Since Bunde was in the wrong, Smith acted at her own peril in defending Bunde. Notably, the Ohio Supreme Court in Wegner supported the "stands in the shoes" rule, stating, "one who in good faith aggressively intervenes in a struggle between another person and a police officer in civilian dress attempting to effect the lawful arrest of the third person may be guilty of assault." Id. at 340 (internal quotations omitted). The instant case warrants the *Page 6 
same application of the "stands in the shoes" rule. Officer Nicely was attempting to lawfully arrest Bunde, and therefore, absent an improper use of force, Smith had no justification to intervene.
 {¶ 13} Further, the weight of the evidence demonstrates that Smith's asserted belief that she did not know that Nicely was a detective was unreasonable. The detectives testified that they entered the gas station with badges around their necks, screaming that they were police and to stop fighting. The detectives appeared successful in communicating to others that they were officers, because people began to leave the scene; several people in the crowd tried to calm Bunde, telling her to comply with Nicely's orders. Smith admitted that she had consumed six to seven shots of cognac prior to her arrival at the gas station and admitted that she was intoxicated. She also admitted that, as soon as she struck Nicely, people in the crowd began telling her that she struck a police officer. The trial court may have given her perceptions less credence as a result. Given the evidence, we defer to the trial court's finding that the detective's testimony was more credible and that Smith had no right to defend Bundy from a lawful arrest. Smith's second assignment of error is not well-taken.
 {¶ 14} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] Appellant was, in fact, convicted of assault, not disorderly conduct. 2. *Page 1