DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Raymont Mundy, appeals his conviction out of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On October 27, 2004, appellant was indicted on two counts of felonious assault on a peace officer in violation of R.C. 2903.11(A)(2)(D), felonies of the first degree; three counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree; and one count of trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(4)(d), a felony of the third degree. The matter proceeded to trial on January 5, 6, and 7, 2005. At the conclusion of trial, the jury found appellant guilty of one count of felonious assault on a peace officer, three counts of felonious assault, and one count of trafficking in drugs. The jury found appellant not guilty of one count of felonious assault on a peace officer. The trial court sentenced appellant accordingly on the five counts. Appellant timely appealed, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN FAILING TO UNAMBIGUOUSLY INSTRUCT THE JURY THAT, TO FIND APPELLANT MUNDY GUILTY OF FELONIOUS ASSAULT ON A PEACE OFFICER PER R.C. 2903.11, IT HAD TO FIND THAT APPELLANT MUNDY KNEW THAT THE VICTIM WAS A PEACE OFFICER THEREBY DEPRIVING APPELLANT MUNDY OF DUE PROCESS OF LAW GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 3} Appellant argues that the trial court committed plain error, when it instructed that the jury need not find that appellant knew that Agent Toby Lamb was a peace officer, before the jury could find appellant guilty of the offense of felonious assault on a peace officer. This Court disagrees.
 {¶ 4} When considering whether the trial court erred in giving a certain jury instruction, this Court must view the jury instructions as a whole. In re J.R., 9th Dist. No. 04CA0066-M,2005-Ohio-4090, at ¶ 38. This Court will not reverse the judgment of the trial court absent an abuse of discretion in the overall composition of the instructions. Id. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In fact, this Court should not reverse the factual findings of the trial court, where there is "some competent and credible evidence" in support of the trial court's findings. Huff v. Huff (Mar. 19, 2003), 9th Dist. No. 20934, citing Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 355.
 {¶ 5} Appellant concedes that he failed to object at trial to the jury instruction on the charge of felonious assault on a peace officer. He argues, however, that the trial court's erroneous instruction constituted plain error.
 {¶ 6} Crim.R. 30(A) states, in relevant part:
"[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."
Crim.R. 52(B), however, states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has cautioned that "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Before this Court may find that the trial court committed plain error, it must be clear that, but for the alleged error, the outcome of the trial would have been different. State v. Diaz, 9th Dist. No. 04CA008573,2005-Ohio-3108, at ¶ 16.
 {¶ 7} This Court notes that, not only did appellant fail to object to the trial court's jury instruction on the charge of felonious assault on a peace officer, appellant in fact conceded on the record that the State had correctly informed the jury during voir dire that the State did not have to prove that appellant knew that Agent Toby Lamb was a peace officer before the jury could find appellant guilty of the charge. Further, appellant failed to assign as error the ineffective assistance of counsel in regard to such concession. Appellant, however, urges this Court to reconsider our previous holding in State v.Carter, 9th Dist. No. 21474, 2003-Ohio-5042, and to find plain error by the trial court on the basis of that reconsideration. This Court declines to do so.
 {¶ 8} Appellant was charged with felonious assault on a peace officer in violation of R.C. 2903.11, which provides, in pertinent part:
"(A) No person shall knowingly * * *
"(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
"(D) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of a violation of division (A) of the section is a peace officer, felonious assault is a felony of the first degree."
 {¶ 9} In Carter, supra, this Court analyzed the issue whether the State must demonstrate that a defendant knew that the victim of an assault, pursuant to R.C. 2903.13, was a peace officer before the defendant may be found guilty of assault on a peace officer. This Court held that the State is not required to prove that a defendant knew that the victim of the assault was a peace officer, before the defendant may be found guilty of assault on a peace officer. Carter at ¶ 12. The State need only prove that the victim of the assault was, in fact, a peace officer acting in the performance of his official duties. Id. This Court reasoned that
"The General Assembly has articulated the elements of R.C.2903.13 with sufficient clarity to indicate that the victim's status as a police officer shall elevate the criminal offense of assault from a misdemeanor of the first degree to a felony of the fourth degree regardless of whether or not the accused specifically knows of the victim's status as a peace officer."Carter at ¶ 10, quoting State v. Freeman (Aug. 2, 2000), 9th Dist. No. 2999-M.
This Court further cited State v. Ridley (Oct. 27, 1997), 5th Dist. No. 1997CA00098, and State v. Cantrell (Mar. 24, 1989), 2d Dist. No. 11030, noting parenthetically those courts' holdings that the State need not prove that the accused knew that the victim of a felonious assault was a peace officer before the accused may be found guilty of felonious assault on a peace officer. Carter at ¶ 10.
 {¶ 10} A comparison between the language of R.C. 2903.11 and R.C. 2903.13 indicates a similar intent by the legislature to elevate the offense levels of both crimes when the victim is a peace officer, regardless of whether the defendant knew the victim's status at the time of the commission of the offense.[1] Accordingly, this Court does not take well appellant's argument that we reconsider our prior holding inCarter to now find that the State must prove that appellant knew that Agent Toby Lamb was a peace officer, before he could be found guilty of the charge of felonious assault on a peace officer. Because this Court declines to overrule our prior decision in Carter, we find that the trial court's jury instruction in regard to the count of felonious assault on a peace officer was not in error. The trial court, therefore, did not abuse its discretion when it failed to instruct the jury that, before the jury could find appellant guilty of felonious assault on a peace officer, the jury must find that appellant knew that Agent Lamb was, in fact, a peace officer. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED WHEN IT LEARNED THAT AN ALTERNATE JUROR HAD EXPRESSED DISCOMFORT WITH APPELLANT MUNDY'S PRESENCE IN THE COURTROOM AND FAILED TO INQUIRE OF THE JURORS AS TO WHETHER THEY COULD STILL IMPARTIALLY DETERMINE APPELLANT MUNDY'S GUILT OR INNOCENCE THEREBY VIOLATING APPELLANT MUNDY'S RIGHT TO A TRIAL BY A FAIR AND IMPARTIAL JURY GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 11} Appellant argues that the trial court abused its discretion by failing to inquire of all the jurors regarding whether they could fairly and impartially determine appellant's guilt or lack of guilt after an alternate juror expressed discomfort at being seated near appellant during trial. This Court disagrees.
 {¶ 12} This Court reviews the trial court's case management stemming from an allegation of juror misconduct under an abuse of discretion standard of review. State v. Hessler (2000),90 Ohio St.3d 108, 116. The Ohio Supreme Court reasoned that the trial court is in a better position to evaluate the situation and determine the appropriate scope of inquiry. Id. at 115-16. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore, 5 Ohio St.3d at 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons,66 Ohio St.3d at 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 13} In this case, the alternate juror informed the bailiff and the other jurors that she felt uncomfortable when she was sitting next to appellant during the playing of certain evidentiary tapes. The bailiff informed the court and counsel that the alternate juror did not make any derogatory or racial remarks about appellant and that she did not come to any conclusions about appellant's guilt or innocence. Appellant moved for a mistrial for the reason that the alternate juror had discussed her fears and on the belief that she could not remain fair and open-minded as a juror. The trial court denied appellant's motion for mistrial.
 {¶ 14} Appellant then requested that the trial court repeat its earlier discussions regarding racial issues to the jury. Because the alternate juror had not expressed any sentiments regarding race, the trial court declined to repeat its earlier instructions. Rather, the trial court informed the jury about the requirement pursuant to the court's security plan that the Sheriff's Office maintain deputies in all courtrooms in which felony prosecutions are occurring. The trial court emphasized that the jury was not to infer anything regarding appellant by the presence of deputies in the courtroom. Both the State and appellant indicated satisfaction with the court's instruction.
 {¶ 15} Appellant did not request that the trial court inquire of the jurors regarding any taint of the panel, and the court did not so inquire. Further, the trial court informed counsel that it would not excuse the alternate juror. The trial court reasoned that "that could result in even more attention given to this than I want." Accordingly, the trial court made the tactical decision not to place any more emphasis on the problem.
 {¶ 16} There is a presumption that jurors follow the instructions of the trial court. Pang v. Minch (1990),53 Ohio St.3d 186, 195. See, also State v. Kincaid, 9th Dist. No. 01CA007947, 2002-Ohio-6116, at ¶ 20. Accordingly, this Court finds that the trial court did not abuse its discretion by merely instructing the jurors instead of conducting any unrequested voir dire, especially where an alternate juror merely expressed discomfort with her close physical proximity to appellant, and the trial court instructed the jury on courtroom security measures. Appellant's second assignment of error is overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J., concur.
[1] R.C. 2903.13 states, in pertinent part: "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn. * * * (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree. * * * (3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree."