DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Scott, appeals his conviction out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On November 26, 2007, Scott was indicted on one count of attempted murder in violation of R.C. 2903.02(A)/2923.02, a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the first degree, as the victim was a peace officer; one count of obstructing official business in violation of R.C. 2921.31(B), a felony of the fifth degree; and one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. He pled not guilty and the case proceeded to trial.
 {¶ 3} Prior to the commencement of trial, the State dismissed counts three and four, obstructing official business and resisting arrest. At the conclusion of trial, the jury found Scott not guilty of attempted murder, but guilty of felonious assault. The jury further found that the *Page 2 
victim of the felonious assault was a peace officer. The trial court sentenced Scott to six years in prison. Scott timely appeals, setting forth three assignments of error for review. This Court consolidates some assignments of error for ease of discussion, as they implicate similar issues.
 II. ASSIGNMENT OF ERROR I "THE FAILURE OF THE INDICTMENT FOR FELONIOUS ASSAULT AGAINST A PEACE OFFICER FAILED TO INCLUDE A MENS REA ELEMENT AS TO THE STATUS OF THE VICTIM AS A POLICE OFFICER IS STRUCTURAL ERROR THAT REQUIRES REVERSAL OF APPELLANT'S CONVICTION." (sic)
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT THE STATE DID NOT NEED TO PROVE THAT APPELLANT KNEW THAT THE VICTIM WAS A PEACE OFFICER, OR TO INSTRUCT THE JURY THAT THE STATE HAD TO PROVE THAT APPELLANT WAS RECKLESS IN THAT REGARD."
 {¶ 4} Scott argues that his conviction must be reversed because the indictment charging felonious assault failed to include a mens rea element as to the status of the victim as a peace officer. In addition, Scott argues that the trial court erred by instructing the jury that the State did not have to prove that Scott knew the victim was a peace officer. This Court disagrees.
 {¶ 5} Count Two of the indictment alleges that Scott committed felonious assault "in that he did knowingly cause or attempt to cause physical harm to Robert Richardson, a peace officer, by means of a deadly weapon or dangerous ordnance, in violation of Section 2903.11(A)(2) of the Ohio Revised Code, a FELONY OF THE FIRST DEGREE[.]"
 {¶ 6} This Court recognizes the holding in State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624, that an indictment which fails to charge a mens rea element of a crime is defective. *Page 3 
Id. at syllabus. It is axiomatic, however, that a strict liability offense does not implicate a culpable mental state.
 {¶ 7} Scott was charged with felonious assault in violation of R.C. 2903.11(A)(2), which states that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordinance." R.C. 2903.11(D) states that felonious assault is generally a felony of the second degree. That section, however, further includes an enhancement provision which elevates the degree of the offense to a felony of the first degree "if the victim of a violation of division (A) of this section is a peace officer[.]"
 {¶ 8} In support of his argument, Scott cites R.C. 2901.21(B), which states:
 "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 9} This Court has held that the State need not prove that the defendant knew that the victim of an assault was a peace officer in order to support a conviction for assault in violation of R.C. 2903.13.State v. Carter, 9th Dist. No. 21474, 2003-Ohio-5042, at ¶ 10. InCarter, we cited State v. Koreny (Apr. 12, 2001), 8th Dist. No. 78074, for its conclusion that "R.C. 2903.13(C)(3) does not contain a mens rea requirement." Carter at ¶ 10.
 {¶ 10} Later, in State v. Mundy, 9th Dist. No. 05CA0025-M,2005-Ohio-6608, this Court applied the same reasoning in regard to a charge of felonious assault on a peace officer in violation of R.C. 2903.11. Quoting from Carter, we stated:
 "The General Assembly has articulated the elements of R.C. 2903.13 with sufficient clarity to indicate that the victim's status as a police officer shall elevate the criminal offense of assault from a misdemeanor of the first degree to a felony of the fourth degree regardless of whether or not the accused specifically knows of the victim's status as a peace officer." Mundy at ¶ 9. *Page 4 
This Court then held:
 "A comparison between the language of R.C. 2903.11 and R.C. 2903.13 indicates a similar intent by the legislature to elevate the offense levels of both crimes when the victim is a peace officer, regardless of whether the defendant knew the victim's status at the time of the commission of the offense." Id. at ¶ 10.
 {¶ 11} Several appellate districts have stated that "there is no indication whatsoever that the General Assembly intended to impose anything other than strict liability for the peace-officer penalty enhancement contained in R.C. 2903.13(C)(3)." See, e.g., State v.Wilcox, 160 Ohio App.3d 468, 2005-Ohio-1745, at ¶ 7; State v.Watson, 12th Dist. No. CA2005-12-038, 2007-Ohio-129, at ¶ 11. This Court finds the same reasoning applicable to the peace-officer penalty enhancement contained in R.C. 2903.11(D). Accordingly, R.C. 2903.11(D) imposes strict liability for the peace-officer penalty enhancement contained therein.
 {¶ 12} Because R.C. 2903.11(D) imposes strict liability for the peace-officer penalty enhancement, an indictment alleging felonious assault on a peace officer need not include a mens rea element as to the status of the victim as a police officer. Accordingly, Count Two of Scott's indictment, as recited above, does not contain any structural error requiring reversal of his conviction.
 {¶ 13} "This Court will not reverse the judgment of the trial court absent an abuse of discretion in the overall composition of the [jury] instructions." Mundy at ¶ 4. "An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The State must merely prove that the victim of the felonious assault was, in fact, a peace officer, not that the defendant knew as much. Mundy at ¶ 9-10. Accordingly, the trial court did not abuse its discretion by failing to instruct the jury that the State had to prove that *Page 5 
Scott knew the victim was a peace officer. Scott's first and third assignments of error are overruled.
 ASSIGNMENT OF ERROR II "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} Scott argues that his conviction was against the manifest weight of the evidence. This Court disagrees.
 "In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, paragraph one of the syllabus.
This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. Id. at 340.
 {¶ 15} Scott argues that his conviction was against the manifest weight of the evidence solely because there was no evidence to establish that he knew that the victim was a peace officer. He does not challenge his conviction in relation to any element of the crime as enunciated in R.C. 2903.11(A)(2).
 {¶ 16} This Court has already held that the State must merely prove that the victim of the felonious assault was, in fact, a peace officer, not that the defendant knew as much. "Peace officer" includes a "member of the organized police department of any municipal corporation." R.C. 2935.01(B).
 {¶ 17} Lieutenant Terry Pasko, Detective Hudnall, and Officer Robert Richardson, all of the Akron Police Department, each testified that Richardson was working undercover during a prostitution sting operation when Scott threatened the officer and attempted to stab him with a *Page 6 
knife. The weight of the evidence supports the conclusion that the victim, Robert Richardson, was a peace officer at the time that Scott attacked him. Whether Scott knew of Officer Richardson's status as a peace officer at the time is immaterial. Accordingly, Scott's conviction for felonious assault is not against the manifest weight of the evidence. Scott's second assignment of error is overruled.
 III. {¶ 18} Scott's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 7 
 WHITMORE, J. MOORE, J. CONCUR *Page 1