DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Raymont Mundy, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On October 27, 2004, Appellant, Raymont Mundy, was indicted on two counts of felonious assault on a peace officer in violation of R.C. 2903.11(A)(2)(D), felonies of the first degree; three counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree; and one count of trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(4)(d), a felony of the third degree. The matter proceeded to a jury trial on January 5, 2005. On January 7, 2005, the jury rendered its verdict, finding Mundy guilty of one count of felonious assault on a peace officer, three counts of felonious assault, and one count of trafficking in drugs. The jury acquitted Mundy of one count of felonious assault on a peace officer. On February 23, 2005, the trial court sentenced Mundy to consecutive terms of incarceration totaling 13 years. Mundy *Page 2 
timely appealed from the trial court's judgment. This Court affirmed Mundy's convictions and sentence on December 14, 2005. See State v.Mundy, 9th Dist. No. 05CA0025-M, 2005-Ohio-6608.
 {¶ 3} On May 12, 2008, Mundy filed a motion for resentencing. The trial court denied the motion on May 29, 2008. Mundy filed a motion for reconsideration, which the trial court denied on June 6, 2008. Mundy filed a notice of appeal from the trial court's judgment. Mundy has raised two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION THEREBY DEPRIVING [MUNDY] DUE PROCESS OF LAW WHEN IT DENIED `WITHOUT HEARING' A PROPERLY FILED AND SUBSTANTIVELY SUPPORTED MOTION FOR RESENTENCING PURSUANT TO: [SIC] STATE V. SIMPKINS [] AS A PROCEEDING IN POST CONVICTION RELIEF PURSUANT TO STATE V. PRINCE[.]"
 {¶ 4} In his first assignment of error, Mundy asserts that the trial court abused its discretion and thereby deprived Mundy of due process of law when it denied his motion for resentencing as a post-conviction relief petition.
 {¶ 5} We begin by noting that pursuant to App. R. 9(A), the record on appeal must contain "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]" It is the appellant's duty to transmit the transcript of proceedings to the court of appeals. App. R. 10(A). Loc. R. 5(A). This duty falls to the appellant because the appellant has the burden of establishing error in the trial court.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Where the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court *Page 3 
has "no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199.
 {¶ 6} On appeal, Mundy challenges the trial court's denial of his motion for resentencing, which was based on his contention that the trial court failed to provide him with proper notice of post-release control when it initially sentenced him. To address this assignment of error, we must review the sentencing transcript, which is contained in Volume III of the trial transcript. However, "[w]e note that the App. R. 9(A) record of this case does not contain the original [Volume III of the] trial transcript[.]" State v. Smith, 8th Dist. No. 90749,2008-Ohio-5581, at ¶ 9. Consequently, "this court's review of the trial court's decision is limited to what is contained in the file." Id.
 {¶ 7} The circumstances surrounding the absence of the original Volume III of the trial transcript are quite unusual and worthy of recounting. On January 23, 2009, Mundy's counsel, Wesley Johnston, filed a motion to supplement the record with a photocopy of Volume III of the transcript of proceedings. Johnston informed the Court that he borrowed the transcript from the Clerk of Courts, made a copy of Volume III of the transcript, and accidentally mailed the original to his client in prison. On February 17, 2009, this Court denied the motion to supplement the record with Johnston's photocopy of the transcript. However, we granted Johnston ten days in which to file the original Volume III or to cause the official court reporter to file a new official copy of the missing volume to be made part of the record on appeal. Johnston's deadline for filing Volume III was February 27, 2009, over a month from the time he notified the Court that it was missing, and almost the full 40 days authorized by App. R. 10(A) to file the record on appeal.
 {¶ 8} Rather than filing Volume III by February 27, on that date, Johnston instead filed a motion for extension of time for the court reporter to file a new copy of Volume III. In his *Page 4 
motion, Johnston asserted that additional time was needed "to allow court reporter to submit new copy of missing volume to be part of record." Johnston also asserted that he "has caused the official court reporter to file a new copy of missing volume 111 [SIC] and court reporter needs additional time to do such by praecipe[.]" Johnston also filed a praecipe to the court reporter with his motion in which he asked for Volume III to be prepared. The court reporter acknowledgment is blank — it contains neither the signature of the court reporter nor a date of acknowledgment. Because the court reporter has not acknowledged receipt of the February 27, 2009 praecipe, Johnston's assertion in his motion that the court reporter requires additional time to prepare the transcript is unsupported. This Court denied the motion for an extension, finding that Johnston had more than enough time to either recover the original version of Volume III from his client or to cause the court reporter to file a new Volume III.
 {¶ 9} As the appellant, Mundy had the burden of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support his assignment of error. Knapp, 61 Ohio St.2d at 199. See, also, Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. Because a proper transcript of the sentencing hearing would have been necessary for resolution of the remaining assignments of error, this Court must presume regularity in the trial court proceedings and affirm the judgment of the trial court. Knapp, at 199.
 {¶ 10} Mundy's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "WHETHER THE TRIAL COURT IS DIVEST [SIC] OF JURISDICTION TO IMPOSE ANY SENTENCE IN LIGHT OF THE PROTRACTED AND UNREASONABLE DELAY IN IMPOSING SENTENCE." *Page 5 
 {¶ 11} In his second assignment of error, Mundy contends that the trial court is divested of jurisdiction to impose a sentence because there has been an unreasonable delay in imposing his sentence. We disagree.
 {¶ 12} Mundy's second assignment of error is based on the premise that this Court would find, in our resolution of his first assignment of error, that the sentence imposed in February of 2005 is void. He reasons that this Court will then find that a delay from January of 2005, when he was convicted, until the present is unreasonable, divesting the trial court of jurisdiction to resentence him and therefore requiring his immediate release from custody instead of his resentencing.
 {¶ 13} Given our resolution of Mundy's first assignment of error, we clearly have not found that Mundy's sentence was void. Mundy's second assignment of error is overruled.
 III. {¶ 14} Mundy's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 6 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
WHITMORE, J. BELFANCE, J. CONCUR. *Page 1