[Cite as *State v. Mundy*, 2012-Ohio-4201.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

RAYMONT MUNDY

    Appellant

C.A. No.     10CA0039-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     04 CR 0551

DECISION AND JOURNAL ENTRY

Dated: September 17, 2012

BELFANCE, Judge.

{¶1}    This case is before us on remand from the Supreme Court of Ohio. Based upon the authority of *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, we remand to the trial court for resentencing.

I.

{¶2}    Mr. Mundy was convicted of felonious assault of a peace officer, drug trafficking, and three counts of felonious assault. In Mr. Mundy's first appeal, this Court affirmed his convictions. *State v. Mundy*, 9th Dist. No. 05CA0025-M, 2005-Ohio-6608, ¶ 1. He later appealed the trial court's denial of his motions for reconsideration and resentencing, and this Court again affirmed. *State v. Mundy*, 9th Dist. No. 08CA0047-M, 2009-Ohio-1136, ¶ 1-3. Mr. Mundy successfully moved to reopen his appeal, and this Court vacated his sentencing entry due to improper notification of post-release control. *State v. Mundy*, 9th Dist. No. 008CA0047-M, 2009-Ohio-6373, ¶ 2, 8.

{¶3} The trial court resentenced Mr. Mundy, and he again appealed. *See State v. Mundy*, 9th Dist. 10CA0039-M, 2011-Ohio-1157. This Court concluded that Mr. Mundy's arguments concerning the sufficiency of the evidence and the jury instructions were outside the scope of his appeal from his resentencing hearing in light of *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. *Mundy*, 2011-Ohio-1157, at ¶ 7. Mr. Mundy also argued that the trial court had failed to update his presentence investigation report, but this Court rejected his argument noting that Mr. Mundy's counsel had declined to have a new report prepared and that the report was not necessary in light of *Fischer*. *Id*. at ¶ 9-10. This Court also concluded that the trial court had jurisdiction to sentence Mr. Mundy. *Id.* at ¶ 14.

{¶4} Mr. Mundy also argued that his sentence was void because the trial court had failed to impose a driver's license suspension in the sentencing entry. *Id*. at ¶ 11. However, this Court concluded that Mr. Mundy's sentence was not void. *Id.* at ¶ 12, citing *Fischer* at ¶ 31. Upon Mr. Mundy's motion, this Court certified a conflict to the Supreme Court on the following issue: "Whether a trial court's failure to impose the statutorily mandated driver's license suspension under R.C. 2925.03(G) when required for drug trafficking convictions renders the sentence void." The Supreme Court answered the question in the affirmative and remanded the matter for this Court to apply *Harris*. *State v. Mundy*, 132 Ohio St.3d 128, 2012-Ohio-2667, ¶ 1.

## II.

{¶5} In *Harris*, the trial court had failed to impose the mandatory driver's license suspension required by R.C. 2925.03(D)(2) and (G). *Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, at ¶ 4. The Supreme Court held that "[w]hen a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void." *Id*. at paragraph one of the syllabus.

**{¶6}** Mr. Mundy was convicted of violating R.C. 2925.03(A)(1)(C)(4)(c). Pursuant to R.C. 2925.03(D)(2) and (G), the trial court was required to suspend his driver's license for a period between six months and five years. However, the trial court did not suspend Mr. Mundy's license. Therefore, that portion of Mr. Mundy's sentence is void. *Harris* at paragraph one of the syllabus. On remand, the trial court is limited to the imposition of Mr. Mundy's mandatory driver's license suspension. *Id*.

### III.

**{¶7}** Because the trial court did not impose a driver's license suspension on Mr. Mundy, that portion of his sentence is void. We vacate that portion of the sentence and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment vacated in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

THOMAS J. MORRIS, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.