[Cite as *State v. Derkson*, 2014-Ohio-3831.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130844 |
| | | TRIAL NO. B-1104665 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CHARLES DERKSON, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 5, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Charles Derkson*, pro se.

Please note: we have removed this case from the accelerated calendar.

**FISCHER, Judge**.

{¶1} Petitioner-appellant Charles Derkson appeals the Hamilton County Common Pleas Court's judgment denying his R.C. 2953.21 petition for postconviction relief. We affirm the court's judgment.

{¶2} Derkson was convicted in 2012 upon guilty pleas to felonious assault upon a peace officer in violation of R.C. 2903.11(A)(2), along with the specification that he had, while committing the offense, discharged a firearm at a peace officer. As part of the plea agreement, the trial court dismissed a charge of having weapons under a disability, along with two other felonious-assault specifications, and imposed agreed consecutive prison terms of six years for felonious assault and seven years for the peace-officer specification.

{¶3} Derkson unsuccessfully challenged his conviction in appeals to this court and the Ohio Supreme Court. *State v. Derkson*, 1st Dist. Hamilton No. C-120717 (July 19, 2013), *appeal not accepted*, 136 Ohio St.3d 1560, 2013-Ohio-4861, 996 N.E.2d 987. And in May 2013, he filed with the common pleas court a postconviction petition seeking relief from his conviction on the grounds that his pleas had been the unknowing and unintelligent product of prosecutorial misconduct and his trial counsel's ineffectiveness.

{¶4} In this appeal, Derkson presents three assignments of error that, read together, challenge the denial of his petition without an evidentiary hearing. The challenge is untenable.

### The Pleas

{¶5} Derkson pled guilty to felonious assault in violation of R.C. 2903.11(A)(2), which, in relevant part, proscribes "knowingly * * * attempt[ing] to cause physical harm to another * * * by means of a deadly weapon." His offense was

elevated from a second-degree felony to a first-degree felony by the fact that his victim had been a "peace officer." *See* R.C. 29o3.11(D)(1)(a). And his plea to the peace-officer specification subjected him to an additional, mandatory term of confinement of seven years. *See* R.C. 2929.14(B)(1)(f) and 2941.1412.

{¶6} At the plea hearing, the assistant prosecuting attorney stated that Derkson had been charged with felonious assault and the specification for "running down [a downtown Cincinnati street] firing multiple shots at an unnamed person and at the undercover police officer who was responding." Defense counsel offered that Derkson's defense, had there been a trial, would have been "that he did not see or know the police officer was there." But counsel recommended the pleas because, in his assessment, these additional "facts really [did not] change the nature of the situation" when they did not contradict the state's evidence "that the police officer was right there in the line of fire."

{¶7} Nevertheless, before sentencing and at Derkson's request, defense counsel filed a Crim.R. 32.1 motion to withdraw his pleas. At the hearing on the motion, counsel submitted that Derkson sought withdrawal because he did not think that his plea agreement was "a good deal," and because he believed that he had "a meritorious defense" to present in a jury trial. At counsel's request, Derkson was also permitted to speak in support of the motion. He argued that his pleas had not been knowing, voluntary, or intelligent, because the state had failed to disclose in discovery "pertinent material," including a ballistics report, that would have allowed counsel to prepare a defense.

{¶8} The assistant prosecuting attorney responded, and defense counsel agreed, that discovery had been "completed" to their satisfaction. The assistant prosecuting attorney added her assessment that "there is no likelihood of true

innocence here," when the evidence, which included the statements of two civilian eyewitnesses, showed that while Derkson's "original intent [had been directed at] some other people," he had "run[] toward [the police officer], firing as he was doing so." Defense counsel, as he had at the plea hearing, explained that Derkson's "defense was going to be [that he] * * * was firing at another individual [and] [d]idn't even know the police officer was there until the police officer started firing back at him." That, counsel surmised, was what Derkson continued to "struggle" with, and why "he's had second thoughts" about his plea agreement, because "he didn't in his mind * * * knowingly fire at a police officer."

{¶9} Following the hearing, the trial court overruled the motion and imposed the agreed sentences. We affirmed that ruling in the direct appeal. *See Derkson*, 1st Dist. Hamilton No. C-120717.

### The Postconviction Claims

{¶10} A counseled knowing, voluntary, and intelligent guilty plea waives any "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992); *State v. Morgan*, 1st Dist. Hamilton No. C-080011, 2009-Ohio-1370, ¶ 25. The plea constitutes a complete admission of guilt and removes any issues of factual guilt from the case. *See* Crim.R. 11(B)(1); *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus; *State v. Montenegro*, 1st Dist. Hamilton No. C-010160, 2001 Ohio App. LEXIS 5764 (Dec. 21, 2001).

{¶11} But Derkson, in his postconviction petition, did not simply allege a discovery violation or state a claim of actual innocence. He asserted that his guilty pleas had been the unknowing and unintelligent product of prosecutorial misconduct,

4

in failing to disclose in discovery evidence showing his actual innocence of felonious assault and the peace-officer specification, and of his trial counsel's ineffectiveness, in failing to request or to seek to compel discovery of the undisclosed evidence and in failing, at the hearing on his presentence motion to withdraw his pleas, to argue his actual innocence.

{¶12} *Prosecutorial misconduct.* The fair-trial guarantee of the Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes upon the state a duty to disclose to a criminal accused evidence material to his guilt or innocence. *See Brady v. Maryland*, 373 U.S. 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Evidence is "material" if there is a "reasonable probability" that its disclosure would have been outcome-determinative. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The determination of this "probability" entails an inquiry into whether that evidence, "considered collectively," "could reasonably be taken to put the whole case in such a different light as to undermine confidence" in the result. *Kyles v. Whitley*, 514 U.S. 419, 434-436, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). *Accord State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 23-24*; State v. Hughbanks*, 1st Dist. Hamilton No. C-010372, 2003-Ohio-187, ¶ 57.

{¶13} A court may deny a postconviction claim without a hearing when the petition, any supporting evidentiary material, and the record in the case show that the petitioner is not entitled to relief. *See* R.C. 2953.21(C) and (E); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs one, two, and three of the syllabus. Derkson supported his prosecutorial-misconduct claim with the "scene notes" made by a police detective investigating the case, a Hamilton County Coroner's Laboratory form describing the evidence submitted in the case, and the

police-involved-shooting statement of the police officer alleged to have been the victim of the felonious assault. This evidence showed that the officer, wearing plain clothes, had stopped his unmarked car at a downtown Cincinnati intersection in response to a radio broadcast concerning two men in the area with guns. Hearing gunshots and shouting behind him, the officer stepped out of his car, drew his weapon, and turned to see a number of people fleeing from the direction of the gunshots. More shouting drew the officer's attention to his left, where he saw Derkson discharge his handgun twice at a man running directly in front of the officer's car. Derkson then directed his gun at the officer. The officer did not identify himself as police, but fired at Derkson, and Derkson fled.

{¶14} This evidence, Derkson asserted, disproved his guilt of both felonious assault upon a peace officer and the peace-officer specification, because it showed that he had not shot at the officer, and that the officer had not been readily identifiable as a police officer. But Derkson mistakes the significance of the undisclosed evidence.

{¶15} The felonious-assault charge required proof that Derkson, in shooting at the man running between him and the officer, had acted "knowingly," that is, that Derkson, "regardless of his purpose," had been "aware that his conduct w[ould] probably cause a certain result." R.C. 2903.11(A)(2) and 2901.22(B). When, as here, the accused has discharged a firearm multiple times in a populated area, he may be found to have acted "knowingly" as to, and thus may be convicted of deadly-weapon felonious assault upon, any person in the line of fire. *State v. Mills*, 62 Ohio St.3d 357, 369, 582 N.E.2d 972 (1992). *Accord State v. Roberts*, 1st Dist. Hamilton No. C-000756, 2001 Ohio App. LEXIS 4991 (Nov. 9, 2001); *State v. Williams*, 1st Dist. Hamilton No. C-950729, 1997 Ohio App. LEXIS 3452 (Aug. 1, 1997).

{¶16} But neither the peace-officer penalty-enhancement provision of the felonious-assault statute, R.C. 29o3.11(D)(1)(a), nor the peace-officer specification prescribed by R.C. 2929.14(B)(f) and 2941.1412 charges a separate criminal offense or evinces an intention to require proof of a culpable mental state beyond that required to prove the underlying offense. *See State v. Ford*, 128 Ohio St.3d 398, 401, 2011-Ohio-765, 945 N.E.2d 498, ¶ 17 (holding that a firearm specification does not constitute a separate criminal offense, but merely "enhance[s]" a sentence); *State v. Hendrix*, 11th Dist. Lake No. 2011-L-043, 2012-Ohio-2832, ¶ 59; *State v. Bridges*, 8th Dist. Cuyahoga No. 94469, 2010-Ohio-6359, ¶ 16; *State v. Vann*, 2d Dist. Montgomery No. 22818, 2009-Ohio-5308, ¶ 12; *State v. Cook*, 9th Dist. Summit No. 24058, 2008-Ohio-4841, ¶ 8 (holding that because a firearm-specification statute does not proscribe a separate offense, proof of a culpable mental state is not required unless specified in the statute). Therefore, had the felonious-assault charge and the specification been tried, the state would not have been required to prove that Derkson, in committing felonious assault upon a peace officer or in discharging his weapon, had acted "knowingly" or "recklessly" with regard to his victim's status as a "peace officer." And Derkson would have been subject to the penalties provided for a first-degree felony and the peace-officer specification upon proof of that status. *See State v. McGrady*, 1st Dist. Hamilton No. C-860316, 1987 Ohio App. LEXIS 8543 (Sept. 2, 1987). *Accord State v. Tinsley*, 8th Dist. Cuyahoga Nos. 92335 and 92339, 2010-Ohio-2083, ¶ 26; *State v. Woodruff*, 12th Dist. Butler No. CA2008-11-284, 2009-Ohio-4133, ¶ 14; *State v. Scott*, 9th Dist. Summit No. 24149, 2008-Ohio-6439, ¶ 12.

{¶17} The outside evidence offered by Derkson in support of his postconviction petition could not be said to have been "material," when it could not

7

"reasonably be taken to put the whole case in such a different light as to undermine confidence" in his guilt of felonious assault upon a peace officer or the peace-officer specification. *See Kyles*, 514 U.S. at 434-436, 115 S.Ct. 1555, 131 L.Ed.2d 490; *Johnston*, 39 Ohio St.3d at paragraph five of the syllabus, 529 N.E.2d 898. Accordingly, Derkson was not denied a fair trial by the state's failure to disclose the evidence in discovery.

{¶18} *Ineffective assistance of counsel.* Our conclusion that the undisclosed evidence could not reasonably be said to have been outcome-determinative is also fatal to Derkson's claim that his pleas were the unknowing and unintelligent product of his trial counsel's ineffectiveness in failing to request or to seek to compel discovery of that evidence. To prevail on a claim of ineffective assistance of counsel, a postconviction petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶19} The investigation conducted by counsel into the case was not demonstrably inadequate. And counsel, instead of pursuing baseless legal theories and claims of innocence, negotiated a plea agreement that ensured a less-than-maximum sentence for felonious assault. Thus, on the record before us, we cannot say that trial counsel violated a substantial duty to Derkson in failing to request further discovery.

{¶20} Nor does the record support the balance of Derkson's challenge to his trial counsel's effectiveness. A postconviction claim is subject to "summary" denial when the record "negative[s] the existence of facts sufficient to entitle the prisoner to

relief." *Perry*, 10 Ohio St.2d at paragraph three of the syllabus, 226 N.E.2d 104. The record of the proceedings leading to Derkson's conviction belies his assertions, in support of his ineffective-counsel claim, that his trial counsel failed to request or to obtain discovery of the ballistics report, or that counsel, at the hearing on Derkson's presentence motion to withdraw his pleas, failed to argue, and obstructed Derkson in arguing, his actual innocence.

### *We Affirm*

{¶21}   Because Derkson failed to sustain his burden of submitting evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief, the common pleas court properly denied his postconviction petition without an evidentiary hearing. *See* R.C. 2953.21(C); *State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980). We, therefore, overrule the assignments of error and affirm the court's judgment.

**HILDEBRANDT, P.J.,** and **DEWINE, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.