[Cite as *State v. Mundy*, 2016-Ohio-4685.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 15CA0001-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYMONT MUNDY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 04-CR-0551 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2016

CARR, Presiding Judge.

**{¶1}** Appellant, Raymont Mundy, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Eleven years ago, Mundy was convicted of one count of felonious assault on a peace officer, three additional counts of felonious assault, and one count of trafficking in drugs. The trial court imposed a thirteen-year prison sentence. Mundy's convictions were affirmed on direct appeal. *State v. Mundy*, 9th Dist. Medina No. 05CA0025-M, 2005-Ohio-6608.

**{¶3}** In 2009, Mundy successfully moved this Court to reopen his appeal pursuant to App.R. 26(B). Upon consideration of Mundy's assignments of error, this Court vacated his sentence on the basis that it was void due to an error in the imposition of post-release control. *State v. Mundy*, 9th Dist. Medina No. 08CA0047-M, 2009-Ohio-6373.

{¶4} On remand, the trial court again imposed a thirteen-year prison sentence as well as a mandatory five-year term of post-release control. The trial court issued a new sentencing entry on March 18, 2010. On appeal, Mundy argued that his new sentence was void because the sentencing entry failed to reflect a mandatory driver's license suspension. This Court rejected Mundy's argument and affirmed his sentence. *State v. Mundy*, 9th Dist. Medina No. 10CA0039-M, 2011-Ohio-1157. This Court subsequently granted Mundy's motion to certify a conflict in regard to the voidness issue. The Supreme Court reversed this Court's decision on the authority of *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, paragraph one of the syllabus, which held, in part, that "[w]hen a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void." *State v. Mundy*, 132 Ohio St.3d 128, 2012-Ohio-2677. Pursuant to the Supreme Court's mandate, this Court issued a decision remanding the matter to the trial court for the limited purpose of properly imposing the mandatory driver's license suspension. *State v. Mundy*, 9th Dist. Medina No. 10CA0039-M, 2012-Ohio-4201.

{¶5} The trial court conducted a limited resentencing hearing and imposed a mandatory three-year driver's license suspension, with the suspension made retroactive to the original sentencing date. The sentencing entry was issued on October 11, 2012. Mundy did not appeal from that sentencing entry.

{¶6} On June 25, 2014, Mundy filed a pro se motion to vacate his sentence based on errors made during his 2010 resentencing. The trial court denied Mundy's motion, but issued a separate nunc pro tunc entry addressing several issues.

{¶7} On appeal, Mundy raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MUNDY HIS FOURTEENTH AMENDMENT DUE PROCESS PROTECTIONS WHEN THE COURT ISSUED A NUNC PRO TUNC SENTENCING ENTRY TO CORRECT OMISSIONS OF THE ORIGINAL SENTENCING COURT[.]

{¶8} Mundy raises two issues in his first assignment of error. First, Mundy contends that the trial court erred by using a nunc pro tunc entry to correct an omission in the 2010 resentencing entry relating to the consequences of violating post-release control. Second, Mundy contends that the trial court erred by using a nunc pro tunc entry to set forth the sequence in which he was supposed to serve his individual sentences for the purposes of running those sentences consecutively. This Court disagrees with both propositions.

{¶9} This case has a long and tortured procedural history. For the purposes of clarity, we reiterate that the trial court conducted a de novo resentencing hearing in 2010, after this Court determined that Mundy's original sentence contained an error in the imposition of post-release control. Four years later, in his June 25, 2014 motion, Mundy raised two arguments in support of his position that his 2010 sentence was void and should be vacated. First, Mundy argued that the trial court failed to adequately notify him of the consequences for violating the terms of post-release control. Second, Mundy argued that in running his sentences consecutively, the trial court failed to set forth the order in which the sentences were to be served.

## POST-RELEASE CONTROL

{¶10} In his June 25, 2014 motion, Mundy argued that his sentence should be vacated because the trial court failed to inform him, both at his sentencing hearing and in the sentencing entry, that he could receive a prison term of up to one-half of the stated prison term originally imposed if he violated the terms of post-release control pursuant to R.C. 2929.19(B)(2)(e). A

review of the record reveals that while the trial court did orally give Mundy this notification at the February 22, 2010 resentencing hearing, it failed to include the notification in its resentencing sentencing entry. Acknowledging these circumstances in its December 12, 2014 journal entry, the trial court denied Mundy's motion to vacate and issued a separate nunc pro tunc entry correcting the omission of the post-release control notification language.

{¶11} On appeal, Mundy contends that the trial court exceeded the scope of its authority when it issued a nunc pro tunc entry to correct the omission in post-release control notification in the 2010 resentencing entry. The Supreme Court of Ohio has held that "[w]hen a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, syllabus. Here, the trial court orally informed Mundy at the February 22, 2010 sentencing hearing that, pursuant to R.C. 2929.19(B)(2)(e), he could receive a prison term of up to one-half of the stated prison term originally imposed if he violated the terms of post-release control. Unfortunately, the notification provided at the hearing was omitted from the March 18, 2010 resentencing entry. Under these circumstances, where Mundy was notified about postrelease control at the sentencing hearing but the notification was subsequently omitted from the sentencing entry, the trial court properly corrected the omission with a nunc pro tunc entry. *See Qualls* at ¶ 30.

{¶12} Mundy further argues on appeal that the trial court's use of a nunc pro tunc entry was improper because its oral post-release control notification at the 2010 resentencing hearing did not include a discussion of R.C. 2929.141(A)(1). Unlike R.C. 2929.19(B), R.C. 2929.141(A)(1) does not contain a mandatory notification requirement, and the trial court's

failure to discuss R.C. 2929.141 at the 2010 sentencing hearing does not render Mundy's sentence void. *State ex rel. Cornwall v. Sutula*, 8th Dist. Cuyahoga No. 103322, 2015-Ohio-4704, ¶ 12; *State v. Mullins*, 12th Dist. Butler No. CA2007-01-028, 2008-Ohio-1995; *State v. Susany*, 7th Dist. Mahoning No. 07 MA 7, 2008-Ohio-1543. As Mundy did not raise this challenge on direct appeal from his 2010 resentencing, he is barred from raising the issue now under the doctrine of res judicata. *See State v. Washington*, 9th Dist. Lorain No. 11CA010015, 2014-Ohio-1876, ¶ 21.

## SEQUENCE OF SENTENCES

{¶13} The second issue Mundy raised in his motion to vacate was the trial court's alleged failure to set forth the sequence in which the sentences for the individual counts were to be served for the purposes of running the sentences consecutively. The trial court denied Mundy's motion but issued a nunc pro tunc entry clarifying that the individual counts were to be served in the order that they appeared in the indictment. On appeal, Mundy argues that the trial court's use of a nunc pro tunc entry was improper because the entry did not reflect what the trial court decided during the 2010 resentencing. A trial court does not err by not expressly setting forth the order for service of consecutive sentences as there are statutes and rules that govern the order of how sentences are to be served. *State v. Jackson*, 7th Dist. Mahoning No. 13 MA 121, 2014-Ohio-2249, 43-45; *State v. Robinson*, 8th Dist. Cuyahoga No. 103559, 2016-Ohio-2931, ¶ 11. Although there is no requirement for the trial court to indicate the order for service of consecutive sentences in its judgment entry, a review of the March 18, 2010 resentencing entry reveals that the trial court addressed the sentences for the individual counts to be served in the order that they appeared in the indictment. The trial court's nunc pro tunc entry merely

reiterated and restated what had already been decided in 2010. It follows that while the nunc pro tunc entry may have been unnecessary in this respect, it was not improper.

{¶14} Mundy's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MUNDY HIS FOURTEENTH AMENDMENT DUE PROCESS PROTECTIONS WHEN THE COURT IMPOSED POST RELEASE CONTROL FOR SENTENCES THAT HAD EXPIRED.

{¶15} In his second assignment of error, Mundy argues that the trial court erred by imposing post-release control in the December 12, 2014 nunc pro tunc entry because he had served almost ten years in prison and completed several of his sentences by that date. This Court disagrees.

{¶16} As noted in our resolution of Mundy's first assignment of error, the trial court properly utilized a nunc pro tunc entry to correct an omission from the March 18, 2010 sentencing entry regarding post-release control. A nunc pro tunc entry has retroactive legal effect and "by its very nature applies retrospectively to the judgment it corrects." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 19. While Mundy contends that the trial court erred by imposing post-release control in the December 12, 2014 nunc pro tunc entry, the nunc pro tunc entry applied retrospectively to the sentencing entry journalized March 18, 2010. Mundy, as the appellant in this matter, bears the burden of demonstrating error on appeal. *Tadmor v. Huntington Natl. Bank*, 9th Dist. Summit No. 23021, 2006-Ohio-3818, ¶ 7. As Mundy has failed to demonstrate that he completed any of his sentences at the time the trial court imposed post-release control in 2010, he has not met his burden of demonstrating error on appeal. The second assignment of error is overruled.

III.

**{¶17}** Mundy's first and second assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

RAYMONT MUNDY, pro so, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.